Welch, C. J.
In the popular and most common use of the words, the female ceases to be a “ child,” and becomes a “ woman,” at the age of puberty, and this seems to be in accordance with the primary or leading definitions of the terms by lexicographers. That meaning of the words is, moreover, peculiarly appropriate in a statute for the punishment of this crime — a crime against the person and sexual purity of the female. The very nature of the subject suggests at once that it is the physiological and genital development of the female, and not her mental condition, that should determine the period of her womanhood. Sexually and physically, she may be, and generally is, a woman years before she becomes a woman sui juris, according to the law which fixes the age of her majority. We think the court gave the jury the true rule of law on the subject.
With respect to the question involved in the latter branch of the charge, namely, whether emission is a necessary ingredient in the crime, there is more serious ground for doubt. The current of English authorities seems to be that, at common law, it was held to be a necessary ingredient. In this country, it must be admitted that the decisions are strongly in the other direction. In England, in New York, and. perhaps in other states, statutes have been passed eliminating this element from the criinei No such *111 statute has ever been enacted in Ohio, although the case of Williams v. The State, 14 Ohio, 222, in which the court seem to hold that emission is a necessary element in the crime, has stood before the country, as the apparent law of Ohio on the subject, for many years. Under these circumstances, although, were it a new question, we would stronglyinclineto a contrary decision, we do not feel at liberty to depart from the doctrine laid down in that case. The remedy, if any is needed, we think should be left with the legislature. The necessity of a statute modifying the common law in regard to what constitutes the crime has been, in a great measure, relieved, in Ohio, by the act punishing the crime of assault with intent to commit a rape, in which, of course, the element in question is not necessary. While the maximum punishment for this latter crime is less than that for the crime of rape, the minimum punishment is in both cases the same. We are of opinion that there was error in the latter branch of the charge, and that, for this reason, the judgment must be reversed.

Judgment reversed, and cause remanded.